UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WESCO INSURANCE COMPANY,

                              Plaintiff,

            – against –

PRIME PROPERTY & CASUALTY
INSURANCE, INC.,

                              Defendant.

**OPINION & ORDER**

20 Civ. 9067 (ER)

RAMOS, D.J.:

 Wesco Insurance Company brought this action against Prime Property & Casualty Insurance, Inc. on October 29, 2020.  Doc. 1.  Wesco alleges that Prime improperly declined insurance coverage for JCA, which is insured by Prime, related to a car accident between a JCA vehicle and a vehicle insured by Wesco.  Prime now moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7).  Doc. 14.

 The Court held oral argument and requested additional briefing on the issue of abstention. Docs. 19–21.  For the reasons set forth below, the Court declines to exercise jurisdiction over this action and declines to rule on the motion to dismiss.

## I. BACKGROUND

 The following facts, unless otherwise indicated, are based on the allegations in the complaint, which the Court accepts as true for purposes of the instant motion.  *See, e.g.*, *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

 Wesco is a Delaware insurance company with its principal place of business in New York.  Doc. 1 ¶ 1.  Prime is an Illinois insurance company with its principal place of business in Utah.  *Id.* ¶ 2.

Prime issued a commercial automobile liability insurance policy to JCA Transport Auto Export LLC for coverage from February 13, 2017 to February 13, 2018.  Doc. 1 ¶ 5.  The policy contains an MCS-90 endorsement which states that Prime will pay "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicles" operated in interstate commerce.  *Id.* ¶ 12.  The policy provides for payments of up to $1,000,000 on such claims.  *Id.*  This endorsement also states that Prime is not relieved "from liability or from the payment of any final judgment, within the limits of liability herein described" by any "condition, provision, stipulation or limitation contained in the policy."  *Id.* ¶ 13.  As also relevant to this matter, the policy contains a provision by which Cesar Aguilar, JCA's owner, agreed to indemnify Prime from any costs expended or owed as a result of claims involving a vehicle or driver who was not properly scheduled on the policy. Doc. 16-2 at 14.

Wesco issued a commercial automobile liability insurance policy to B&B Millwork, Inc. for coverage from June 16, 2017 to June 16, 2018.  Doc. 1 ¶ 6.

On September 25, 2017, a JCA vehicle operated with permission by Lamar Booker Jerrel, a JCA employee, struck the rear of a B&B vehicle operated by Tyrone Mejias, a B&B employee, on the Deegan Expressway in the Bronx, New York.  *Id.* ¶ 7.  JCA's vehicle was being operated in interstate commerce.  *Id.* ¶ 8.  JCA notified Prime about the accident on December 18, 2017. *Id.* ¶ 9.  Prime advised JCA and Jerrel that it would not defend or indemnify them against claims related to Mejias' injuries from the accident.  *Id.*  Upon information and belief, Prime's position is based on the "Scheduled Drivers Endorsement" provision of the policy that states that only identified and scheduled drivers are insured.  *Id.* ¶ 11.  Jerrel was not a scheduled driver on the accident date.  *Id.*

After finding out that Prime would not defend or indemnify JCA, Mejias notified Wesco

that he would pursue an uninsured motorist claim under the Wesco Policy's "New Jersey

Uninsured and Underinsured Motorist Endorsement." *Id.* ¶ 10.  Wesco then advised Prime in

writing that Prime's denial of coverage for JCA and Jerrel violates New York law, including

New York Vehicle and Traffic Law § 388.  *Id.* ¶ 14.  Wesco also advised Prime that even if they

declined to defend or indemnify JCA or Jerrel, Prime would still be obliged to indemnify JCA

for liability related to Mejias' injuries because JCA's vehicle was operating in interstate

commerce at the time of the accident, triggering the MCS-90 endorsement.  *Id.* ¶ 15.  Prime has

stated that, if that is the case, their obligation is excess to any obligation of Wesco to provide

uninsured motorist coverage to Mejias.  *Id.* ¶ 16.  Wesco disagrees, stating that there is no

priority of coverage issue at play because the policies insure different risks, with the sole

obligation to defend and indemnify JCA and Jerrel resting with Prime.  *Id.* ¶ 17.

Prime brought an action against JCA in Utah state court on June 15, 2020 seeking a

declaration that the policy did not cover the accident because it involved an unscheduled driver,

or in the alternative, that JCA is required to reimburse Prime for the resultant coverage

payments.  Doc. 16-1.

Mejias brought a personal injury action against JCA and Jerrel in the Bronx County

Supreme Court in New York on September 18, 2020.  Doc. 16-4.  Notwithstanding its earlier

position that it would not defend JCA or Jerrel, Prime is paying the law firm of Ehrlich Gayner,

LLC to serve as counsel for them.  Doc. 15 at 11; Doc. 16-4; Doc. 16-5.

Wesco then filed this action on October 29, 2020, seeking a declaration that Prime's

denial of coverage is invalid under the policy and violates New York Vehicle and Traffic Law

(NYVTL) § 388, resulting in an obligation to indemnify JCA for up to $1,000,000 for any

3

judgment entered against JCA for Mejias' injuries.  Wesco also seeks a declaration that Prime's

obligation to defend and indemnify JCA is primary, and Wesco's policy insures a different risk

than Prime's.

## II.    LEGAL STANDARD

### A.  12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of

subject matter jurisdiction when the district court lacks the statutory or constitutional power to

adjudicate the case.  Fed. R. Civ. P. 12(b)(1).  The party asserting subject matter jurisdiction

carries the burden of establishing, by a preponderance of the evidence, that jurisdiction

exists.  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  "On a Rule 12(b)(1) motion

challenging the district court's subject matter jurisdiction, the court may resolve the disputed

jurisdictional fact issues by referring to evidence outside of the pleadings . . . ."  *Zappia Middle*

*East Constr. Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).  When

evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all

material factual allegations in the complaint as true but does not draw inferences from the

complaint favorable to the plaintiff.  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d

Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

Where, as here, a party also seeks dismissal on Rule 12(b)(6) grounds, the court must

consider the Rule 12(b)(1) motion first, *Baldessarre v. Monroe–Woodbury Cent. Sch. Dist.*, 820

F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 131 (2d Cir. 2012), because

"disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of

jurisdiction."  *Chambers v. Wright*, No. 05 Civ. 9915 (WHP), 2007 WL 4462181, at *2 (S.D.N.Y.

4

Dec. 19, 2007) (quoting *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)).

### III.   DISCUSSION

The pending Utah state action warrants dismissal of this case pursuant to the doctrine of abstention.  At the request of the Court, the parties submitted supplemental briefing on this issue. Docs. 20, 21.

#### a.  Legal Standard

Federal courts may abstain from exercising jurisdiction over an action for which there is a parallel state court proceeding based on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)).  A district court may *sua sponte* challenge subject matter jurisdiction, including through abstention principles.  *See F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999) (finding that a district court or appellate court could *sua sponte* address subject matter jurisdiction and applying *Colorado River* abstention principles).

"An analysis of whether a court should abstain under *Colorado River* begins with a determination of whether the concurrent federal and state proceedings are 'parallel' in nature." *Fernandez v. City of New York*, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017) (citing *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)).  Federal and state proceedings are "parallel" for abstention purposes when "substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012).

"Perfect symmetry of parties and issues is not required.  Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Shields v. Murdoch*, 11 Civ. 4917 (PGG), 2012 WL 4097199, at *5 (S.D.N.Y. Sept. 18, 2012) (quoting *In re Comverse Tech., Inc.,* 06 Civ. 1849 (NGG) (RER), 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006)) (emphasis in original) (internal quotation marks omitted).

   *Colorado River* abstention is only warranted in "exceptional circumstances." *Colorado River*, 424 U.S. at 813.  "The mere fact of concurrent state and federal proceedings 'does not, without more, warrant staying exercise of federal jurisdiction.'" *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 602 (2d Cir. 1988) (quoting *Colorado River*, 424 U.S. at 816).  In determining whether abstention is warranted, courts consider six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction, (2) whether the federal forum is less inconvenient than the other for the parties, (3) whether staying or dismissing the federal action will avoid piecemeal litigation, (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other, (5) whether federal law provides the rule of decision, and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted).  "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (quoting *Colorado River*, 424 U.S. at 818–19).  The balance of these factors is "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

"Where a *Colorado River* factor is facially neutral, that 'is a basis for retaining jurisdiction, not for yielding it.'" *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012) (quoting *Woodford*, 239 F.3d at 522).

The Second Circuit has stated "the primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of *res judicata* and collateral estoppel. The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." *Woodford*, 239 F.3d at 522 (citing *De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989); *General Reinsurance Corp. v. Ciba–Geigy Corp.*, 853 F.2d 78, 81 (2d Cir. 1988)); *Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust*, 806 F.2d 411, 414 (2d Cir. 1986).

A district court has greater discretion to abstain where the plaintiff seeks declaratory judgment. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (in declaratory judgment actions, district courts have greater discretion to abstain "than that permitted under the 'exceptional circumstances' test of *Colorado River*"); *see also Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (in declaratory judgment actions, "the district court ha[s] somewhat greater discretion to abstain" than in *Colorado River*). The Second Circuit has outlined five factors to consider before entertaining a declaratory judgment action:

> (i) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; (ii) whether a judgment would finalize the controversy and offer relief from uncertainty; (iii) whether the proposed remedy is being used merely for 'procedural fencing' or a 'race to res judicata'; (iv) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; and (v) whether there is a better or more effective remedy.

*The New York Times Co. v. Gonzales*, 459 F.3d 160, 167 (2d Cir. 2006) (citing *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359–60 (2d Cir. 2003)).  "In deciding whether to exercise its permissive jurisdiction, a district court may consider equitable, prudential, and policy arguments . . . and should examine the situation in its entirety."  *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 301 (S.D.N.Y. 2012).

      **b.  Analysis**

      The Court declines to exercise jurisdiction over this declaratory judgment action.  In light of the pending Utah state court action between Prime and JCA, this judgment will not serve a useful purpose or finalize the controversy to offer relief from uncertainty, since a judgment in this action could be contradictory to a judgment in the Utah action, if, for example, this Court finds that Prime has no coverage obligations and the Utah court finds that Prime does.  *See Jakobovits v. All. Life Ins. Co. of N. Am.*, No. 15 Civ. 9977, 2017 WL 3049538, at *8 (S.D.N.Y. July 18, 2017) (dismissing declaratory judgment claim in part because declaration would not offer relief from uncertainty).  Additionally, the Utah action was filed first, Doc. 16-1 at 15, and this action deals primarily with issues of state law that can adequately be decided in Utah state court.

      Further, the Court hesitates to exercise jurisdiction in JCA's absence, since the matter primarily concerns Prime's insurance coverage of JCA and there is a risk that JCA could be subject to contradictory judgments.  JCA cannot be added to this action through conventional means, since their presence in this action would destroy diversity were they to be added as a defendant, Doc. 20 at 3; Doc. 21 at 6, and their interests are not perfectly aligned with Wesco's were they to be added as a plaintiff under Rule 19(a)(2), Doc. 21 at 6.  The Court also would not exercise supplemental jurisdiction over JCA as a third-party defendant due to the exceptional

circumstance of the risk of inconsistent rulings with the Utah action. *See Philip Morris Inc. v. Heinrich*, No. 95 Civ. 328, 1998 WL 122714, at *2 (S.D.N.Y. 1998) (declining to extend supplemental jurisdiction over third-party plaintiff's claim pursuant to § 1367(c)(4) where there was "another action in existence in a New Jersey state court, addressing the same claims as those alleged in [the] third-party complaint.").[1] Further, Prime and JCA indicated that Utah law would apply and selected Utah as their forum in the policy at issue, Doc. 16-1 at 18, and as a policy matter, the Court does not wish to disturb those preferences. *See Roby v. Corporation of Lloyds*, 996 F.2d 1353, 1361 (2d Cir. 1993) (explaining the "strong public policy in favor of forum selection . . . clauses."). For all these reasons, the Court believes this matter will best be resolved in Utah, where Wesco may intervene.

## IV.    CONCLUSION

For the foregoing reasons, the case is dismissed. The Clerk of Court is respectfully directed to terminate the case.

It is SO ORDERED.

Dated:    March 11, 2022
          New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.

---

[1] For these same reasons, the Court agrees with Prime's arguments that JCA is a necessary and indispensable party. However, the Court does not dismiss this action on those grounds because Prime could remedy JCA's absence by bringing third-party claims against JCA. *See Ruffalo v. Coffaro*, No. Civ. 87-1523 (JLC), 1989 WL 83397, at *6 n.3 (E.D.N.Y. July 11, 1989), *aff'd*, 898 F.2d 137 (2d Cir. 1990), and *aff'd*, 898 F.2d 137 (2d Cir. 1990) (denying defendants' motion to dismiss for failure to join an allegedly indispensable third party because "had defendants believed during the course of this litigation that [the third party] was indispensable to a proper adjudication of this matter, they could have brought her in as a third-party defendant, or moved to have her joined as a party pursuant to Rule 19(b) Fed.R.Civ.P.".